JAMES J. YUKEVICH (SBN 159896)
*jyukevich@yukelaw.com*
RAYMOND H. HUA (SBN 222466)
*rhua@yukelaw.com*
JI HONG SOHN (SBN 354482)
*jsohn@yukelaw.com*
YUKEVICH | CAVANAUGH
355 S. Grand Avenue. 15th Floor
Los Angeles, California 90071-1560
Telephone: (213) 362-7777
Facsimile: (213) 362-7788
Email: eservice@yukelaw.com

Attorneys for Defendant
GARFIELD BEACH CVS, LLC, on behalf of itself and on behalf of erroneously sued and served, CVS PHARMACY, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SARAHI GUADALUPE LOPEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC., a stock corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT GARFIELD BEACH CVS, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441, AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Declaration of Ji Hong Sohn in Support of Notice of Removal]*<br><br>Trial Date: None Set |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT: PLEASE TAKE NOTICE that Defendant GARFIELD BEACH CVS, LLC, (hereinafter "Defendant"), by and through counsel, hereby removes the above-captioned action from the Superior Court of the State of California, in the County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b), and 1446.

Defendant provides the following "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

**A. THE STATE COURT ACTION**

1. On or about June 12, 2025, Plaintiff SARAHI GUADALUPE LOPEZ ("Plaintiff"), filed a Complaint styled *SARAHI GUADALUPE LOPEZ v. CVS PHARMACY, INC. et al.*, Case No. 25STCV17007, in the Superior Court of California, for the County of Los Angeles (hereinafter, the "State Court Action"). See Declaration of Ji Hong Sohn ("Sohn Decl.") ¶¶ 2-3; Exhibit A (Plaintiff's Summons, Complaint, and Statements of Damages in the State Court Action)[1].

2. Defendant filed an Answer in the State Court Action on October 23, 2025. See Sohn Decl., ¶¶ 4-5, Exhibit B (State Court Answer); see *Acosta v. Direct Merch Bank*, 207 F.Supp.2d 1129, 1131 (S.D. Cal. 2002) ("It is well-settled that merely filing a responsive pleading does not invoke the state court's jurisdiction so as to constitute a waiver of the right to remove").

**B. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

3. On October 7, 2025, Defendant GARFIELD BEACH CVS, LLC ("Defendant") was personally served with Plaintiff's Complaint in the State Court Action. See Sohn Decl. ¶ 3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other papers, including the Summons and Complaint and the copy of legal process received by Defendant are attached to Ji Hong Sohn's Declaration as Exhibits A and B. See Sohn Decl., ¶¶ 2-3.

4. Removal is timely. Defendant has removed this action within 30 days after the receipt of the first paper from which Defendant could ascertain that the case could be removable on diverse jurisdictional grounds pursuant to 28 U.S.C. § 1446(b).

[1] All referenced Exhibits are attached to the concurrently-filed Declaration of Ji Hong Sohn unless otherwise stated.

YUKEVICH | CAVANAUGH
355 S. Grand Avenue. 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

YUKEVICH | CAVANAUGH
355 S. Grand Avenue. 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

5. Venue is proper. Plaintiff filed the state court action in the Superior Court of the State of California, County of Los Angeles. Venue therefore properly lies in the United States District Court for the Central District of California, per 28 U.S.C. §§ 84(c)(3) and 1441(a).

6. The aforementioned Defendant is represented by counsel of record for each of the defendants currently named in Plaintiff's Complaint. See Sohn Decl., ¶ 1; Exhibit B.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel of record, and a copy is being filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## C. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(a)-(b)

8. This Court has original subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a)-(b), because the action is a civil action between citizens of different states. *Lee v. Am. Nat'l Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("each plaintiff must be diverse from each defendant"). The amount in controversy also exceeds $75,000, exclusive of interest and costs.

### a. The Parties Are Diverse

9. Diversity between each Plaintiff and each of the properly named Defendants existed at the time the Complaint was filed and continues to exist as of this removal.

10. Plaintiff alleges in her Complaint that, on July 14, 2025, (hereinafter, the "Premises"), when the Plaintiff was in or near the CVS Store located at 5944 N. Figueroa Street, Los Angeles, California, a cart hit her back, "knocking her down to the floor of the [CVS Store]", causing Plaintiff to sustain "injuries and damages (hereinafter, the "Incident"). Plaintiff thus brings causes of actions for negligence and premises liability against Defendant. See Exhibit A (Plaintiff's Complaint). Plaintiff's Complaint did not identify her state citizenship. See Sohn Decl., ¶ 3.

11. Plaintiff identified that she was a citizen of California in Plaintiff's response to Defendant's Special Interrogatory No. 28. This Interrogatory asked for the "sole address that is [Plaintiff's] true, fixed, principal establishment which [Plaintiff] intend[s] to return to whenever [Plaintiff] is absent therefrom". See Sohn Decl., ¶ 10, Exhibits E. Plaintiff identified said address as located in Anaheim, CA. See Sohn Decl., ¶ 9-10, Exhibits E and F. Plaintiff served this response on December 8, 2025. See Sohn Decl., ¶ 10. This response was the first paper from which Defendant could ascertain that the case could be removable on diverse jurisdictional grounds.

12. An individual's state citizenship is determined by her "state of domicile," which is her "permanent home"—that is, where she resides "with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

13. Based on the foregoing information, Defendant believes and alleges that at the time Plaintiff filed her Complaint, Plaintiff was and remains a citizen of California. *Tajran v. Estate of McDonald* (S.D. Cal., Jan. 17, 2020, No. 19-CV-1290-BAS-KSC) 2020 WL 256209, at *3-4 ("[w]hen removing a case, defendants are 'merely required to allege (not prove)' the citizenship of the parties").

14. As explained below, Defendants named in this action are now, and was at the time Plaintiff filed her Complaint, citizens of states other than California within the meaning of 28 U.S.C. § 1332(c)(1).

15. Defendant GARFIELD BEACH CVS, LLC, is now, and was at the time Plaintiff filed her Complaint, a limited liability company organized under the laws of the State of California. The sole member of GARFIELD BEACH CVS, LLC is CVS PHARMACY, INC., a corporation with its principal place of business and company headquarters in Rhode Island. See Sohn Decl., ¶¶ 7-8, Exhibits C-D.

16. A limited liability company is a citizen of the same state or states as its owners/members. See *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d

YUKEVICH | CAVANAUGH
355 S. Grand Avenue. 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

894, 899 (9th Cir. 2006). In this case, Defendant GARFIELD BEACH CVS, LLC has a sole member: CVS PHARMACY INC., which is a citizen of the State of Rhode Island. Therefore, Defendant GARFIELD BEACH CVS, LLC, is a citizen of the State of Rhode Island, and not a citizen of the State of California, per 28 U.S.C. § 1329(a).

17. Defendant CVS PHARMACY, INC. is now, and was at the time Plaintiff filed her Complaint, a corporation organized under the laws of the State of Rhode Island, with its principal place of business, headquarters, and center of direction, control, and coordination in the State of Rhode Island. CVS PHARMACY, INC. is therefore a citizen of Rhode Island and not a citizen of the State of California. See Sohn Decl., ¶¶ 7-8, Exhibit D.

18. Per 28 U.S. Code § 1441(b)(1): "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

19. Therefore, the alleged citizenships of Doe Defendants "DOES 1 through 50" are irrelevant regarding removal of this matter.

**b. The Amount In Controversy Exceeds $75,000**

20. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an amount in controversy if a court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.

21. A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. See *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To ascertain the amount in controversy, a District Court takes into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages and attorney's fees. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995). In addition, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the

YUKEVICH | CAVANAUGH
355 S. Grand Avenue. 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

YUKEVICH | CAVANAUGH
355 S. Grand Avenue. 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

rights being litigated." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

22. Here, Plaintiff's Statements of Damages also served on December 8, 2025, indicate that Plaintiff is seeking at least $1,107,295.00 in damages from Defendant as a result of the alleged Incident. See Exhibit G and the Statements of Damages attached thereto. Thus, the amount in controversy requirement is easily satisfied.

23. By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available to them under state or Federal law. Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, the above-referenced Defendant respectfully requests that the action pending in the Superior Court for the State of California, County of Los Angeles, be removed in its entirety to this Court.

DATED: January 6, 2026 YUKEVICH | CAVANAUGH

By: /s/ Ji Hong Sohn
James J. Yukevich
Raymond H. Hua
Ji Hong Sohn
Attorneys for Defendant GARFIELD BEACH CVS, LLC, on behalf of itself and on behalf of erroneously sued and served, CVS PHARMACY, INC.

# PROOF OF SERVICE

**Sarahi Guadalupe Lopez v. CVS Pharmacy, Inc., et al.**
**USDC – Central District – Southern Division**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 S. Grand Avenue. 15th Floor, Los Angeles, CA 90071-1560.

On January 6, 2026, I served true copies of the following document(s) described as **DEFENDANT GARFIELD BEACH CVS, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441, AND 1446** on the interested parties in this action as follows:

| | |
|---|---|
| Rehatjit Kaur, Esq.<br>**RAFII & ASSOCIATES, P.C.**<br>9100 Wilshire Boulevard, Suite 465E<br>Beverly Hills, California 90212 | **Attorneys for Plaintiff SARAHI GUADALUPE LOPEZ**<br><br>Tel: (310) 777-7877<br>Fax: (310) 777-7855<br>E-mail: rehatjit@rafiilaw.com<br>litmail@rafiilaw.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 6, 2026, at Los Angeles, California.

/s/ Gabriela Saenz-Seitz
Gabriela Saenz-Seitz

YUKEVICH | CAVANAUGH
355 S. Grand Avenue. 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788